UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD JOHN MULLINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-2222 JMB |
| | ) | |
| TROY STEELE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is successive and shall be summarily denied and dismissed.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

On September 30, 2008, petitioner pled guilty to felony theft/stealing over $500 in property. *See State v. Mullins*, No. 08BB-CR00984-01 (12th Judicial Circuit, Warren County Court). On that same date he was sentenced to an aggregate prison term of ten years in the Missouri Department of Corrections. The court suspended the execution of the sentence ("SES"), and retained jurisdiction over petitioner for 120 days, pursuant to Mo.Rev.Stat. § 559.115 under the Missouri Shock Incarceration Program. On December 16, 2008, the court ordered that petitioner be released on probation for a period of five years. Petitioner did not appeal the sentence or file a timely motion for post-conviction relief.

The court revoked petitioner's probation on September 9, 2010. *Id.* Petitioner waited until April 19, 2017 to file a motion for post-conviction relief under Missouri Rule 24.035, which was denied on that same date without a hearing. *See Mullins v. State*, No. 17BB-CC00036 (12th Judicial Circuit, Warren County Court). Petitioner is currently incarcerated at Eastern Reception Diagnostic and Correctional Center, where Troy Steele is Warden.

Petitioner filed an initial application for writ of habeas corpus in this Court on May 23, 2017. *See Mullins v. Steele*, No. 4:17-CV-1562 JMB (E.D.Mo.). The Court dismissed the petition as untimely on June 21, 2017. *Id.* Petitioner did not appeal this Court's ruling.[1]

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. *See, e.g., In re Rains,* 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); *Quezada v. Smith*, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the Court of Appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result the Court may not grant the requested relief.

---

[1] In his response to the show cause order, petitioner argued that his prior state convictions were unlawfully used to enhance his state sentence for stealing, as set forth in the recent Missouri Supreme Court case of *Missouri v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016). The Court examined petitioner's arguments and found that *Bazell* could not restart the federal one-year statute of limitations period under § 2244(d)(1)(C) because only decisions of the United States Supreme Court could do so under that provision.

To the extent that petitioner seeks to relitigate claims that he brought in his original petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be denied and dismissed.

Accordingly,

**IT IS HEREBY ORDERED** petitioner's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus is **DENIED AND DISMISSED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 9th day of August, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE